IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00341 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| J.R. ADAMS, *et al.*, | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Leon Johnson, a Virginia inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint containing misjoined claims and defendants, and this court severed her complaint into five separate actions.[1] This case involves her claim that she received three false disciplinary charges in retaliation for filing a complaint under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301–30309, and her claim that her due process rights were violated in the proceedings on those charges.

By memorandum opinion and order entered July 21, 2022, the court sua sponte dismissed Johnson's complaint. (Dkt. Nos. 5, 6.) The court dismissed with prejudice all but one of her claims—her retaliation claim against Massingill, who brought the disciplinary charges—with prejudice. (*Id.* at 9.) The court dismissed the retaliation claim against Massingill, but without prejudice, because it recognized that Johnson might be able to state a claim with additional factual matter. With regard to the due process claims, the court reasoned that the only punishments referenced by Johnson—three small fines (totaling $17) and the loss of electronics privileges for 25 days—did not trigger due process protections. (Mem. Op. 3–5, Dkt. No. 5.)

---

[1] According to the amended complaint, Johnson is a transgender woman, and she refers to herself using feminine pronouns. The court does so also.

In its order, the court directed:

> If Johnson believes she can remedy the deficiencies noted by the court and if she so chooses, she may file a motion to reopen the action, along with an amended complaint, within 30 days of the entry of this order. The amended complaint may contain only a retaliation claim against Massingill and no other claims. Any amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to any earlier-filed complaint, documents, or attachments.

(Order 1, Dkt. No. 6.)

Within that thirty-day period, Johnson filed a single document titled as a "Motion for Leave to File An Amended Complaint and Reconsideration." (Dkt. No. 7.) The document includes numerous allegations that she states she would include in an amended complaint, although the document itself does not contain all the sections that a complaint typically would. For example, it does not list specific defendants as parties, ask for any particular relief, or specifically list any claims. Thus, it fails to comply with the court's instructions to submit an amended complaint "complete in all respects" and only asserting a retaliation claim against Massingill. Regardless, the court will consider the document as a motion to reopen and a request to supplement her original complaint with the additional allegations it contains.

For the reasons discussed in this opinion, the court will grant the motion to reopen for the limited purpose of reviewing Johnson's supplemental allegations. Upon review of them, in conjunction with Johnson's original complaint, the court concludes that Johnson has plausibly stated a retaliation claim against Duty and Massingill. Thus, it will allow those claims to go forward and will direct service on those two defendants only, after Johnson files an amended complaint as directed herein. The motion for reconsideration as to any other claims will be denied, and those claims will remain dismissed.

I. DUE PROCESS CLAIMS

Notably, most of Johnson's new allegations challenge, on due process grounds, her

2

various disciplinary convictions. But the court already has dismissed those claims with prejudice and did not give Johnson permission to re-file those claims. To the extent Johnson's motion seeks reconsideration of that ruling, moreover, the court sees no basis on which to reconsider its prior ruling.

First of all, most of Johnson's allegations are focused on the various alleged violations of due process, such as failures to give adequate notice, to consider evidence she requested, or to call certain witnesses. As noted in the court's dismissal opinion, though, Johnson has not alleged facts to show that due process protections were even triggered or applicable. Instead, Johnson's latest allegations confirm that the penalties for those convictions were minimal fines, or punishments such as the loss of electronics for 25 days (Mot. ¶ 23, Dkt. No. 7.) Such punishments do not trigger any protected property or liberty interest, as the court has explained. (*See* Mem. Op. 3–5, Dkt. No. 5.)

Johnson emphasizes in her motion for reconsideration, however, that she was held in the restrictive housing unit (RHU) from June 22, 2021, until April 29, 2022,—approximately ten months and one week.[2] It is unclear whether her stay in RHU was the result of these specific charges, or whether she was initially held in the RHU on these charges, but then continued to be held in the RHU for other reasons. But even if her lengthy stay were as a direct result of the charges, Johnson has not plead any facts to show that spending ten months in the RHU implicates a protected liberty interest. For example, she does not claim that she was held in the RHU indefinitely or offer any *facts* indicating that her conditions of confinement there "impose[d] an atypical and significant hardship within the correctional context." *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005); *see also Smith v. Collins*, 964 F.3d 266, 275 (4th Cir. 2020)

---

[2] Johnson's motion repeatedly refers to being in the RHU for 11 months, but the dates indicate that it was closer to ten.

3

("Drawing on the Supreme Court's reasoning in *Wilkinson*, this Court has construed the atypical-and-significant hardship analysis as turning on primarily three factors: (1) the magnitude of confinement restrictions; (2) whether the administrative segregation is for an indefinite period; and (2) whether assignment to administrative segregation had any collateral consequences on the inmate's sentence.") (internal quotation marks and citations omitted).

Indeed, this court has explained that "[c]onfinement in segregation by itself does not trigger due process protections." *Barbee v. Anderson*, No. 7:19-CV-306, 2020 WL 1189938, at *5 (W.D. Va. Mar. 12, 2020) (collecting authority holding that varying periods of time in segregated confinement—even six months or more—and even at Level S at Red Onion did not trigger a protected liberty interest), *aff'd*, No. 20-6437, 2021 WL 5176464 (4th Cir. Nov. 8, 2021). Thus, in addition to her complaint lacking an allegation that her time in the RHU was the direct result of the disciplinary charges, it also lacks facts to show that her ten months in the RHU was an "atypical and significant hardship within the correctional context." *See Wilkinson*, 545 U.S. at 224. As such, she has failed to allege a constitutionally protected liberty interest.

Because Johnson, even with her amended allegations, fails to state a due process claim, all due process claims will remain dismissed and her motion to reconsider their dismissal will be denied.

## II. RETALIATION CLAIMS

The court turns next to Johnson's retaliation claims, which appear to be based on shifting allegations with regard to some details. In its prior memorandum opinion, the court construed Johnson's complaint as asserting a retaliation claim against Duty, Doe, and Massingill. It dismissed all of the claims, for different reasons. In her motion for reconsideration, Johnson asks the court to reinstate the retaliation claim against both Massingill and Duty. (Mott. ¶ 21.) She alleges that the false charges were brought by Massingill, but the factual information

4

underlying them (and false testimony about them) was given by Duty, and that both defendants were retaliating against Johnson for complaining about sexual harassment by Duty. (*Id.* ¶¶ 21, 25–26.) She also clarifies that she told Duty at the time Duty made the statement about Johnson's "phat ass" that she considered that sexual harassment, and she told Massingill—before the charges were brought and before Johnson got called to the supervisor's office—that Duty had sexually harassed her. Johnson thus alleges that, based on the verbal complaints to both Duty and Massingill, and perhaps her stated intention to make a PREA complaint, Massingill brought false charges supported by Duty's false witness statements. She seems to be saying that she did not file her PREA complaint itself until afterward because "the officers refuse[d] to let Johnson use the phone." (*Id.* ¶ 25.)

The court believes that Johnson's evidence of causation here is weak, but given the new information provided, the court finds that she has plausibly stated a claim against Duty and Massingill, and will allow that claim to go forward at this point. Johnson will be required, however, to file an amended complaint that contains *only* the retaliation claims against Duty and Massingill and sets forth *only* facts in support of those claims. Once that amended complaint is before the court (and assuming it continues to set forth adequate factual matter), the court will direct that it be served on those two defendants.

### III. CONCLUSION

For the foregoing reasons, the court will grant in part and deny in part Johnson's motion to amend and for reconsideration. It will grant the motion insofar as it will allow her retaliation claims against Duty and Massingill to proceed at this time. Johnson will be required to file an amended complaint, however, asserting only those claims and the facts in support of them.

The remainder of Johnson's claims still fail to state a constitutional deprivation actionable under § 1983, even with her additional allegations. Thus, the motion to amend and for reconsideration will be denied as to all other claims. An appropriate order will be entered.

Entered: December 6, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge